# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICO ISAIH HAIRSTON,**

    **Plaintiff,**

        v.

**NELSON EMEAGHARA,**

    **Defendant.**

        **Civil Action 2:18-cv-951**
        **Judge James L. Graham**
        **Magistrate Judge Chelsey M. Vascura**

## ORDER AND NOTICE OF DEFICIENCY

Plaintiff, Rico Isaih Hairston, an Ohio inmate proceeding without the assistance of counsel, has filed a Motion to Proceed Without Prepayment of Fees (*In Forma Pauperis*). (ECF No. 1.) His request is not accompanied by sufficient information to allow the Court to determine what filing fee to assess. Specifically, Plaintiff's application is not accompanied by a certified trust fund statement from his prison's cashier.

To satisfy statutory requirements, Plaintiff must "submit a *certified* copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Further, Plaintiff is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). That amount is to be collected through an initial assessment of 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the account for the 6-month period immediately preceding the filing of the complaint, and through monthly payments to be made thereafter in the amount of 20 percent of

the preceding month's income credited to the prisoner's account.

Plaintiff has not submitted the required information. Specifically, Plaintiff's Motion is not accompanied by the statutorily-required certified copy of a trust fund account statement. If Plaintiff intends to pursue this action, he is **DIRECTED to submit, within 30 days of the date of this order, the required trust fund statement from his prison's cashier**. The trust fund statement should indicate both the average monthly balance in Plaintiff's account for the last six months and the amount of income credited to his account during those months. Upon receipt of this information, the will Court determine whether Plaintiff may proceed *in forma pauperis*, and, if so, will calculate the initial partial filing fee and the monthly installments, issuing a separate order directing payment. If Plaintiff fails to submit the requisite trust fund statement within 30 days, the Court will assume that Plaintiff has decided not to pursue this case, and his request for leave to proceed *in forma pauperis* will be denied.

Plaintiff is advised that, if he opts to proceed with this litigation, his action may be subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2). Plaintiff is further advised that if he proceeds and the case is dismissed under § 1915(e)(2), he will be assessed the full amount of the filing fee. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE