RICO ISAIH HAIRSTON,

      Plaintiff,

    v.                        Case No. 2:18-cv-951
                                  Judge James L. Graham
                                  Magistrate Judge Chelsey M. Vascura

MR. NELSON EMEAGHARA,

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Rico Isaih Hairston, a state inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendant, Mr. Nelson Emeaghara, a chaplain at Correctional Reception Center ("CRC"), alleging that Defendant's failure to provide weekly religious services while he was in segregation violated his First and Fourteenth Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted and **DENY AS MOOT** Plaintiff's Motion for the Clerk to Make Service Copies (ECF No. 2).

This matter is also before the Court for consideration of Plaintiff's motions for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF Nos. 1 and 6.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statements reveal that he currently possesses no money in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate Id Number A741324) at Toledo Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff

and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

# I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*       \*       \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

According to the Complaint, when Defendant made his rounds on July 28, 2018, Plaintiff orally requested weekly church services for the segregation unit.  Plaintiff alleges that the Chaplain responded that he did not have time to accommodate this request.  Later that same day, Plaintiff filed an informal complaint.  Four days later, on August 1, 2018, Plaintiff received a response informing him that Defendant would talk with him when he next completes his rounds in segregation.  Apparently dissatisfied, Plaintiff immediately filed a formal grievance and requested monetary compensation.  Plaintiff's grievance was denied, and on August 14, 2018, he filed an appeal.  Plaintiff filed the instant action on August 24, 2018.

Plaintiff asserts that he has "a right to attend religious services of [his] faith and was denied this right out of bad faith, malice, and deliberate indifference."  (Pl.'s Compl. 5, ECF No. 1-2.)  He also asserts that his "right to exercise was unfairly restricted" in violation of RLUIPA, the First Amendment, and the Equal Protection Clause.  Plaintiff adds that he suffered discrimination in violation of the Equal Protection Clause of the Constitution because he is an African American and Cherokee Indian.  Plaintiff seeks both injunctive and monetary relief.

Plaintiff was transferred from CRC to Toledo Correctional Institution ("TCI") on August 30, 2018.  (*See* ECF No. 4.)

Because the undersigned finds that Plaintiff has failed to claim, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2).  The undersigned considers Plaintiff's First Amendment, RLUIPA, and equal protection claims in turn.

**A.      First Amendment**

The First Amendment, made applicable to the states through the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ."  U.S. Const. amend. I.  "Prisoners retain the First Amendment right to the free exercise of their religion."  *Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011).  "Under § 1983, a prisoner alleging that the actions of prison officials violate his religious beliefs must show that the belief or practice asserted is religious in the person's own scheme of things and is sincerely held."  *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) (citation and internal quotation marks omitted).  The prisoner must also show that the prison's action substantially burdens his sincerely held religious beliefs.  *Id.*  "An action of a prison official will be classified as a substantial burden when that action forced an individual to choose between following the precepts of his religion and forfeiting benefits or when the action in question placed substantial pressure on an adherent to modify his behavior and to violate his beliefs."  *Hayes*, 424 F. App'x at 555 (internal quotation marks and citations omitted).  Under § 1983, if the action substantially burdens a prisoner's sincerely held beliefs, the action "is valid if it is 'reasonably related to legitimate penological interests.'"  *Colvin v. Caruso*, 605 F.3d 282, 296 (6th Cir. 2010) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

The undersigned finds that Plaintiff has failed to adequately allege that Defendant substantially burdened the free exercise of his religion.  Specifically, Plaintiff does not allege that the services he requested were central or mandatory for his religion.  *See Abdur-Rahman v. Mich. Dep't of Corrs.*, 65 F.3d 489, 491 (6th Cir. 1995) (policy that prevented attendance at service did not violate First Amendment where it did not affect "an essential tenet" of inmate's religious beliefs).  Moreover, Plaintiff has failed to allege facts upon which the Court could rely to

conclude that the deprivation of weekly services during the short period of time between the exhaustion of his grievance and his transfer to TCI "substantially burdened" his sincerely held religious beliefs.[1]  *See Hargrove v. Frisby*, No. 1:17-cv-748, 2018 WL 2937466, at *4 (S.D. Ohio June 12, 2018), *adopted* 2018 WL 3437074 (July 17, 2018) (recommending dismissal of inmate's First Amendment claim under the Free Exercise Claim pursuant to § 1915(e)(2), concluding that the inmate "failed to allege that his Muslim faith was more than incidentally burdened for the three-month period in which he was housed in disciplinary segregation").

Because Plaintiff has failed to sufficiently allege a claim under the Free Exercise Clause of the First Amendment, it is **RECOMMENDED** that this claim be dismissed.

## B.    RLUIPA

"RLUIPA . . . applies to prisons that receive federal funds and prohibits state and local governments from placing 'a substantial burden' on the 'religious exercise' of any inmate unless they establish that the burden furthers a 'compelling governmental interest' and does so in the 'least restrictive' way." *Haight v. Thompson*, 763 F.3d 554, 559 (6th Cir. 2014) (quoting 42 U.S.C. § 2000cc-1(a)(1)-(2)).  A Plaintiff bringing a RLUIPA claim may only seek injunctive relief.  *Haight*, 763 F.3d at 559 (holding that RLIUPA does not permit money-damages claims); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[M]onetary damages are not available under RLUIPA." (*citing Cardinal v. Metrish*, 564 U.S. 794, 801 (6th Cir. 2009)); *see also*

---

[1] An inmate may not seek legal redress for alleged violations of his rights until he properly exhausts his administrative remedies.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined by any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Here, Plaintiff has not indicated when CRC denied his August 14, 2018 appeal or when he properly exhausted the grievance procedures applicable to requests for religious accommodations.  But even assuming *arguendo* that Plaintiff properly exhausted his grievance the very same day he filed his appeal, only two full weeks passed before his August 30, 2018 transfer to TCI.

*Sossamon v. Texas*, 131 S.Ct. 1651, 1663 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver.").

Because an inmate advancing a RLUIPA claim may only seek injunctive relief, Plaintiff's transfer to TCI on August 30, 2018, rendered his RLUIPA claim premised upon Defendant's actions at CRC moot. *See Colvin*, 605 F.3d at 289 (holding that inmate's RLUIPA claims and other claims for injunctive relief were moot because he had been transferred to a different facility); *Berryman v. Granholm*, 343 F. App'x 1, at *3 (6th Cir. 2009) (holding that inmate's requests for declaratory and injunctive relief, including his RLUIPA claim, were rendered moot by his transfer to a different prison) (citations omitted)).

Because Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1, it is **RECOMMENDED** that Plaintiff's RLUIPA claims be dismissed.

## C.      Equal Protection

Plaintiff's equal protection claims likewise must be dismissed for failure to state a claim. To state an equal protection claim, a prisoner need only allege sufficient plausible facts to show "that a state actor intentionally discriminated against [him] because of membership in a protected class." *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir. 1990) (internal quotation marks omitted), *abrogated in part on other grounds by King v. Harwood*, 853 F.3d 568, 580 n. 4 (6th Cir. 2017), *reh'g en banc denied*, 853 F.3d 568 (6th Cir. 2017), *petition for cert. filed*, (Aug. 15, 2017) (No. 17-260); *see also Herron v. Harrison,* 203 F.3d 410, 417 (6th Cir. 2000); *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 255-56 (1995)). These factors have not been established here.

Specifically, Plaintiff makes no allegations from which the Court could infer that Defendant even considered Plaintiff's race when denying his oral request for weekly religious services. Rather, accepting Plaintiff's allegations as true, it appears that it is his status as an inmate in segregation and Defendant's lack of time to accommodate weekly services for this population that accounts for the denial of his request. *See Williams v. Pratt*, No. 102cv391, 2005 WL 1923594, at *2 (W.D. Mich. Aug. 11, 2005) (prisoners in segregation do not constitute a protected class for purposes of the Equal Protection Clause); *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); ("[P]risoners are not considered a suspect class for purposes of equal protection litigation.").

Because Plaintiff has failed to sufficiently allege that Defendant intentionally discriminated against him because of his membership in a protected class, it is **RECOMMENDED** that the Court **DISMISS** his equal protection claims pursuant to § 1915(e)(2).

## III.

For the reasons set forth above, Plaintiff's motions for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF Nos. 1 and 6) are **GRANTED**. In addition, it is **RECOMMENDED** this Court **DISMISS** this action for failure to state a claim pursuant to pursuant to § 1915(e)(2) and that Plaintiff's Motion for the Clerk to Make Service Copies (ECF No. 2) be **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE