IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rico Isaih Hairston,

    Plaintiff,

  v.                                Case No. 2:18-cv-951

Mr. Nelson Emeaghara,

    Defendant.

ORDER

This is an action under 42 U.S.C. §1983 filed by Rico Isaih Hairston, an Ohio *pro se* inmate, against Nelson Emeaghara, a chaplain at the Correctional Reception Center ("CRC"). Plaintiff alleged that when defendant made his rounds on July 28, 2018, plaintiff requested weekly church services for the segregation unit, but defendant responded that he did not have time for that request. Four days after plaintiff filed an informal complaint, he received a response stating that defendant would talk with him the next time he completed his rounds in segregation. Plaintiff further alleged that he then filed a formal grievance seeking monetary compensation, which was denied. He filed an appeal on August 14, 2018, and filed the instant action on August 24, 2018. Plaintiff was transferred to the Toledo Correctional Institution on August 30, 2018. Plaintiff alleges that defendant's failure to provide weekly religious services while he was housed in segregation violated his rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

On September 28, 2018, the magistrate judge filed a report and recommendation on the initial screen of plaintiff's complaint

pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1).

With regard to plaintiff's First Amendment claim, the magistrate judge found that plaintiff failed to allege that the services he requested were central or mandatory for his religion, or that the lack of weekly services for the brief two-week period between the filing of his appeal on August 14, 2018, and his transfer to the Toledo institution on August 30, 2018, substantially burdened his sincerely held religious beliefs. The magistrate judge concluded that because only injunctive relief is available under RLUIPA, plaintiff's transfer to the Toledo facility rendered his RLUIPA claim concerning defendant's actions at the CRC moot. The magistrate judge also observed that plaintiff failed to allege facts indicating that his race was the reason for the denial of his request for weekly services for the segregation unit so as to support an equal protection claim. The magistrate judge recommended that this action be dismissed for failure to state a claim on which relief may be granted.

The report and recommendation specifically advised the parties that objections to the report and recommendation were due within fourteen days, and that the failure to object to the report and recommendation would result in a waiver of the right to have the district judge review the report and recommendation *de novo* and a waiver of the right to appeal the decision of the district court. Doc. 8, p. 10. The time period for filing objections to the report

and recommendation has expired, and no objections to the report and recommendation have been filed.

The court agrees with the report and recommendation (Doc. 8), and it is hereby adopted. This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) because plaintiff's complaint fails to state a claim for which relief may be granted. Plaintiff's motion for the clerk to make service copies (Doc. 2) is denied as moot. The clerk shall enter judgement dismissing this case.

Date: October 22, 2018             s/James L. Graham
                                   James L. Graham
                                   United States District Judge